Thank you, your honor. It's good morning. May it please the court, Melissa Baldwin, on behalf of the appellant Deonte Curry. We are asking the court to vacate the amended judgment and reinstate the $0 restitution award from the original judgment because the district court lacks statutory authority to modify that order. We are also asking this court to vacate the 120 month upward variant sentence as procedurally unreasonable because the district court relied on clearly erroneous factual findings. Was that a final order from the court's part? Didn't the court leave that figure for restitution open to be determined at a later time? No, the district court did not. In the original judgment, the district court issued a self executing restitution order saying failing a restitution determination by November 9, the amount automatically becomes $0 without further order of the court. Now, that's a final judgment for purposes of appellate review and claim preclusion purposes as the second circuit recognized in the Gonzalez case. Didn't the district court have the authority and the power to change the restitution amount if he or she were convinced based upon later evidence that it was incorrect or insufficient? No, your honor. The case law makes a distinction between making it between deferring judgment until a later time and reopening restitution and changing the amount. So wasn't the judge deferring to a later time and after 90 days, the government offered him the amount and then he sat it down for a further hearing, did he not? No, the court did not. I mean, the problem is that the original judgment imposed the restitution or became $0 as of 1201 AM, November 10. And so at that point, the government's reforce was to see appellate review in this court. The government didn't file a notice of appeal. So to the extent there is any errors or issues in that original judgment, that's not before this court under the Manrique and Green Law cases. So this court has to accept the fact the district court entered a $0 restitution order as of 1201 AM to then reopen the restitution issue and amend it to $366,000. When you proceed under this statutory authority, that would be a good argument that there is a final order, but that final order is subject to change under the code section, which the court referenced when it's entered its order. So the quirky thing to me in this case is that the court had the language in the August order that said it'll be $0 on November the 9th, government files, and under what might have appeared to be a plain reading of the statute, that that would be the end of it, and your argument would be correct. It seems to me that there are two difficulties with that. One is that there was notice that the government had filed this proffer of damages, and Mr. Curry was on notice that he had to respond by a particular time. They may have believed that he did not need to for the reasons you already listed, but nonetheless, he did. And then we consider the Dolan case and others that seem to have added language to the statute that others might have thought wasn't there. And so under Dolan and some other cases, it doesn't seem quite as clear that final is as final as you indicate. Respectfully, Your Honor, I disagree. It is that clear. And first, on the idea that we had noticed, this court's decision in Rogers says to the contrary. It says when the claim error on appeal arose at the time that a final judgment entered, the defendant can take an appeal without objecting in the district court and enjoy ordinary review. That's exactly what happened here. Our claim of modify the restitution order, which only came into play when the amended judgment was issued. At that point, our notice of appeal clock began ticking. And so we had to file it to preserve our right to seek an appeal. So your view is that even though Mr. Curry was on notice that that was an invalid act? Well, I would disagree that we had noticed it was invalid. I don't think there's anything invalid about a district court enforcing a 90-day statutory deadline. The Supreme Court said the district court... No, that's not the point. The point is that Mr. Curry was on notice that the government had filed and he was asked by the court to make whatever response to that he desired. He didn't. Well, the notice that we're entitled to under Burns v. United States is notice that the district court was contemplating making a decision, not that the government was seeking to upset a final judgment and contravention of a mandatory claims process. Right, but you could certainly believe that. That could be your position. But why weren't you under an obligation to tell the court that? Well, what would our response have been? Final judgment is entered to the extent the United States would seek appellate review. It shouldn't be on the onus of an indigent defendant to tell the United States of America to comply with the federal rules of appellate procedure. Wasn't it clear from the record that this was not a final judgment with respect to the amount of restitution? Wasn't the record clear on that? No, your honor. The judgment issued by the district court was... They didn't leave the door ajar to change it? No. The district court's ruling, plain language, was failing a restitution determination by November 9th. Restitution becomes zero dollars without further order of the court. So by 12.01 a.m. November 10th, when a restitution determination was not made, final judgment entered. And you're saying the court did not have the authority to change that? To revisit the issue of restitution, should it be clear later that there was a defined amount of restitution? Correct, your honor. And that's backed up by this court's decision in Paligi, as well as the sister circuit decisions in Murray, the Fifth Circuit case, Bodoni, the Tenth Circuit case. In fact, in Dolan, then Judge Gorsuch emphasized that the prior Tenth Circuit decision where this came up remained good law, notwithstanding Dolan's exception for missing the 90-day deadline. Because in that case, the district court had made a restitution determination of 4,000 some odd dollars. A couple days later, after entering it, the court realized, I made a mistake. I can include lost wages. I'm going to reopen this and add those to the victim. The Tenth Circuit said no. And that is in accord with... But in that case, the judge made a decision as the restitution that would do what he or she thought was appropriate on the record. In this case, the judge left it open and indicated it would be determined at a later time. He just merely extended the amount of time for determining the amount. Again, your honor, I disagree. The district court made a determination, and that determination was zero dollars. I am going to enforce the 90-day deadline Congress set in 3664 D-5. But he put in there TDP, to be decided. Didn't he put in there TDP? Yes, but then he also put in the clarification of failing such a determination by November 9th, it becomes zero dollars without further order of the court. Was that just a message to the clerk that that's what should be put in the final record? If no restitution was determined between then and later in the case? No, your honor. And this can also be seen in the Fifth Circuit's decision in Murray. There wasn't a actual dollar amount entered. There, the district court found it was inapplicable under 3663 A.C. 3 because of complexity issues. And there, when the district court said, actually, I can figure out restitution. Again, the Fifth Circuit said, no, no, no. You need statutory authority to reopen and modify a restitution order you had entered, and none existed. And that is the situation we have here. So, walk through this and follow your final argument. The court did reference a specific statute, D-5, there as the basis for which he's proceeding. Your contention is by including the zero, that was the end of it, at the 90-day period. The Supreme Court has made clear that 90-day is not absolute as long as you give some notice to it. And I don't know to the extent we look to what the actual facts here, there's no question the victims in this situation would be entitled to a restitution. And it would seem that a district court judge who's in the position of Judge Conrad here would well understand that a restitution or something should be given. And when he gives initial order, he's expecting, at least by that date, that's what the law would do. If you don't do anything, then it would be zero. Government does file something on that date, as I understand. Didn't they file a motion? They filed a motion for an amount with any substantiation. And so, for the court to then receive that motion, it would seem to indicate, I mean, the court does a lot of stuff, but if you want to get the benefit of zero when it looks like there is some basis for a restitution. And then he simply just says, you know, we move forward. Why is that not some notice to the defendant, at least in this instance, that the court is moving forward with this? Because the only time the district court gave any indication it was actually contemplating granting this, you know, untimely, unauthorized action was the day before it issued the amended judgment, which started our appellate clock ticking. And again, we had to file our notice of appeal, or we would waive our ability for appellate review. And once a notice of appeal is a file, it would be divested of jurisdiction to the extent we even filed any motion for reconsideration. So, is there a real complaint that the defendant didn't get notice? Because that 90-day period is not exactly absolute. And so, by giving him notice, what does that do for your case? I mean, you simply give notice, and now you go ahead and proceed. Are you saying we simply just say, go and give him notice and remand for determination of restitution? No, my position is the notice issue is what triggers an ordinary review. But the problem here is there was no statutory authorization to modify that amount. And now I'm running out of time, and I would like to address... Let's just assume, for purposes of argument, that we don't find that persuasive and plain error review applies. What's your best argument in that case? Sure. So, the best argument in that case is we still prevail under that prong because it is... Sorry, under the Olano standard, because it is black-letter law, this court's decision in Davis, that a district court needs statutory authority to order restitution. So, the $366,000 had to be statutorily authorized. The government has produced no case saying that a district court can modify or reopen the restitution determination in this case. It relies wholly on the fact... It does, Your Honor, but not in this context. That is for losses that were discovered after sentencing for which the district court found there was good cause to include. Is that differentiation between new stuff that a victim may bring after something occurs that allowed a modification as opposed to the initial determination of it? Right, but we have an initial determination here. The fact of the $0 entry is what distinguishes this case from Dole. It was based on nothing. I mean, you just... He said, by operation, it would be zero, but it wasn't really... Was it really a determination? What evidence supported it? What evidence supported zero? Well, the district court's within its discretion to enforce Congress's 90-day deadline. I mean, the Supreme Court in Dolan explicitly said Mr. Curry would have a right to seek a writ of mandamus from this court to compel compliance with the 90-day deadline. And furthermore, it makes sense why a district court would maybe perhaps do this because the 2255 block won't start ticking in a deferred restitution case while the amount is outstanding. But the judge did that because there was no information that he had at that time to determine what amount of restitution was due. And the government was well on notice. They had 90 days to get him that information to make a decision. They didn't do it and they didn't appeal it. And so this $0 restitution amount is final for purposes and should be... That assumes that the motion that the government filed, which was within the 90 days, is insufficient. All right. Well, based on the plain language of the judgment's order, failing such a determination, only the district court is entitled to make a determination of the restitution amount. The fact the government moves for a restitution determination... It's got some pretty weaselly language in there about the 90 days doesn't bind even if it's the fault of the government. And that, to me, goes back to why the standard review is pretty important because I don't think Dolan and these other cases are quite as dogmatic as you represent. Well, because I'm saying Dolan is inapplicable here because we have a restitution amount entered on a final judgment triggering the rules for modifying a restitution order. But I see only have a very short amount of time and I'd like to address the prison sentence. There's a question I want you to answer for me, God in this. That is, I want to understand your position. That is, what if the judge had entered a zero? I would not be making this argument. Why is that? Because it would be out. What was zero based on? How did he get zero? Zero was based on enforcing the 90 day deadline. So if he didn't say zero, then you got a 90 day deadline. If he didn't say zero, if it passes 90 days, does it just by law become zero? No, no, no. It's because the district court made the affirmative ruling in the judgment that it would become zero without further order of the court. Based on what? He had no evidence one way or the other. And he was saying he's anticipating there's nothing. But based on what, at the time he entered it, what did he have it based on? Zero. He based it on Congress's determination in 3664 D5 that restitution determination should be made up to 90 days after the sentence. So if he doesn't say zero based upon Congress determination in every case where it's not done in 90 days and the court doesn't do anything, your position is it's zero. My position is the district court absolutely has discretion to enforce the 90 day deadline Congress set in 3664 D5, which is what the district court did in this case when it issued its original judgment. I don't think you and I are disagreeing in terms of what we're saying. I should be clear in what you're saying. You seem to be saying zero doesn't matter. It's 90 days is the big thing because Congress said it and all the judge was doing was enforcing the 90 days, which is low. So even if the judge doesn't say it because Congress said it, when 90 days passed, your position is it's zero. Is that correct? It is the confluence of the two factors in this case, which is the 90 day deadline and the district court's affirmative ruling of the zero amount. Because Dolan does foreclose us from saying simply absent of can't order it. It can. That's what the Supreme Court said against the vigorous dissent by Chief Justice Roberts. But here, because we have the initial determination, or excuse me, we have the determination of zero, that does make it different. And it does mean that the district courts can do that and enforce the 90 day deadline. Thank you. You've got some left on rebuttal. Uh, it's wood morning, your honors. Julia would on behalf of the United States. May it please the court. The district court in this case did exactly what Dolan allowed it to do. It made clear at sentencing that it intended to make a reasoned decision about restitution and that it would order restitution. It was only leaving the restitution mount open for 90 days so that it could make that reasoned decision about the amount of restitution owed. It made that reasoned decision. 118 days after sentencing, including if I don't do it by this date, it's going to be zero. That seems to be the kind of oddball case. It is your honor. And we can see that that language is not a model of clarity. I believe to judge Hudson's point, it could be a direction to the clerk. But in any case, in this, uh, it's a model clarity as what he said, what you, it doesn't mean ultimately what, what, what, what he intended to do, which it stands to reason, but he did enter the zero there. And does the law require that any amount, even zero, it would seem to me something needs to support that. Either that you make a finding, but he hadn't made a finding on that by that date, that there was nothing there. He's anticipating there's nothing there. And I think it's significant that the government didn't file something on that date, which indicates we want to present something which you can extend the 90 days. I mean, the spring court said you can 90 days, not an absolute in that if you can show there's some effort to bring it in. And so I, it seems to me that but the zero is pretty clear. Zero is clear, but the zero is not a final judgment that imposes an order of restitution, uh, under the mandatory victim restitution act, because as your honor notes, it's not based on anything. It's not a reason to determination of restitution. It doesn't require, it didn't require mr. Curry to pay restitution for the bodily injuries that he caused MC for any of those injuries that the statute required him to pay restitution for. And therefore that zero did not convert into a final judgment that imposes an order of restitution because it wasn't an order of restitution under the statute. What if the trial judge in this case had decided that at the end of 90 days says, okay, I said it was zero. So you would probably be before us right now appealing. And what would be your argument that the trial court entered that zero, uh, on the 90th day, even though at that time you hadn't brought something to it, what would be your argument? But you, but you didn't file this motion. If we hadn't filed this because he could have done that. Couldn't he? I mean, given this sport, it looked like to me, he could have, he could have had a discretion to say, I told you zero and zero zero and that's it. Would you be appealing that? And if so, what would be your if he had entered an amended judgment? And I will note that that language says, uh, when the court makes such a determination, it will enter an amended judgment. If the court had entered an amended judgment ordering zero on November 10th, then I think we might be in a different position and we might have been under a duty to appeal. If he just done nothing, says, no, that's the end of it. Not anymore. Judgment. My judgment has already been entered. Zero is there and that's it. Nothing amended. I gave you that and it became effective on this date, the ninth day and zero. Would you be appealing that? And what would be your, he had denied our motion. Yes. Yes. Uh, if he had denied our motion, the same day and say, nope, you don't have a thing by six, five, five o'clock. I'm going home and have dinner. And so, uh, we would, we would, and I know judge Conrad wouldn't do it. Um, we would have appealed that denial because we believe that that would conflict with the mandatory best rest victim restitution act, which requires that people who are convicted of crimes causing, uh, injuries to their victims, uh, pay restitution. So I think what happens if, um, if we determine the August order is a final restitution, but subject to amendment under the modification under the statute and in the final, the final chronological order in this case, recited that modification under subsection B5. What's wrong with that? If this court were to find that the, the zero, uh, became a final judgment imposing an order of restitution on November 10th, uh, when the court didn't take any action, then I think that the courts could still, uh, hold that the district court was within its authority to modify that final order under 36, 64. Oh, which, uh, lays out the ways that a final order of restitution can be modified because 36, 64 D five is listed under. Oh, and I think the court would have the authority then to modify, uh, it's zero order because at this time until day 90, there wasn't any evidence of any amount. There was, there was evidence at, uh, at, at sentencing that the victim had spent 21 days in the hospital that she had incurred significant, uh, medical bills. The judge actually mentioned medical bills, uh, when he held restitution open. And I will note that we followed that restitution request on the 90th day, because that's the day that we got the supporting documentation from the victims. Sometimes we do have difficulty, um, getting information from victims who are dealing with many challenges, trauma. Um, and so, you know, we do, we make our best efforts. Uh, but I think that's why specifically why Dolan held that even if it's the fault of the government or the court, victims are still entitled to their restitution. What did that motion ask for? Uh, the government's motion. Yes. It asked for approximately, uh, just over $366,000. But I mean, did it ask for an extension of the 90 days? It did not, Your Honor. Uh, we filed our motion, uh, on the 90th day, which we for better or worse have viewed as kind of our deadline to try to get that information. Why didn't you? When you read that judge's order, which seems to be unusual. I don't think I've ever seen a judge do that. Got interested, but I guess regardless of how this case comes out, you're not going to see a district judge do that. Yes. Um, it, it is a relatively new language in district, um, on, on this judgment. But, um, we, you know, the best practice would have been to file and to ask for an extension. And we do do that now when we see this kind of language. Um, but we thought, you know, we were, we work with diligence to try to get these restitution requests in and we just made the decision. Do you think the trial judge actually construed your motion as one to extend that 90 days to allow you to do it? You could have, um, you know, and I, I think, you know, the district judge does have the authority to interpret his own, uh, his own judgments and to interpret our motion as a, you know, as a request to extend that time. We wouldn't have made the request if we didn't think that the district judge had the authority to, uh, grant our motion. The opposing counsel says the fact that Mr. Curry made no response to the notice that your motion had been filed by the deadline for making a response, that that's irrelevant. They're entitled to normal review and it's not plain error. What do you say to that? I don't think that's correct. And I think that's, uh, counsel referred to the 90 day deadline as a claims processing rule and Dolan explicitly held that it's not a claims processing rule. It's something, uh, even less. It's, it's a deadline that's intended to prompt timely action. And, uh, we know, uh, Dolan and Manrique, which, um, counsel raised state stated that, uh, a defendant loses the protection of a, even a mandatory claims processing deadline if it doesn't raise it. And so I think that applies even more strongly in the case of a deadline like this 90 day deadline, which we know is not a mandatory claims processing rule. It's a deadline that is intended to prompt action. And we know from Dolan that, uh, the court still retains the authority after that deadline to order restitution. Um, I'd like to just, uh, also point out, uh, I think we've, we've talked a little about this, but that, um, the Mr. Curry's, uh, interpretation of this judgment language would also, uh, conflict with the court's oral pronouncement that it would order restitution and, uh, that it was holding it open only to make a reasoned decision. And in the case of a conflict, the court's oral pronouncement controls, um, and it would also conflict with the court's own interpretation of its order, which, uh, obviously the court believed that it retained that authority. Did you, did the judge put that on the record during the hearing? There wasn't actually, uh, the, um, sentencing hearing or the restitution. Sentencing hearing. Sentencing hearing. He did put it on the record that he, it is in the record on, I believe page 55, that he intended to order a restitution. He adopted the PSR, which said that, uh, the MVRA applied and restitution would be ordered. Um, and he did, uh, say specifically, he was holding it open to make a reasoned decision about medical bills. Curry has identified no prejudice from the court's delay. Um, as your honors have mentioned, I think Judge Wynn made this point. Um, there's no dispute that the MVRA requires him to pay restitution and there's really no dispute that his, uh, his victim suffered grievous injuries, spent 21 days in the hospital, um, lost her spleen and pancreas. So they could have bought a separate civil action. Could they not just give restitution, even if it hadn't been ordered by the court in the criminal proceeding? The victims could bring a civil action, but the Mandatory Victim Restitution Act also requires that the district court, um, grant them the restitution. Callum Stretcher said he doesn't have any prejudice for it. He's got a $300,000 judgment against him. But I get your point. I know, you know, ultimately it could be that the big thing whether he got the notice of it and what would be the strongest evidence that he was given notice that would allow for an extension beyond 90 days? His trial counsel received, we filed our motion through the court's ECF system and his trial counsel does not dispute, his appellate counsel does not dispute that they received that notice of the electronic notification, which provides notice and just say that they were simply unconcerned. And that's why they didn't raise an objection. But, um, you know, in this case where the district court had made clear that it intended to order restitution, they were still under an obligation to object if they disagreed with the restitution amount that we requested. And I think to your point, Judge Wynn, the proper standard for prejudice here is, um, is under Dolan. Uh, Dolan talks about prejudice in terms of losing evidence to rebut the amount restitution. And here, um, there's been no, no, uh, you know, indication of any kind of prejudice in that, in that manner. Well, no prejudice in the sense that time prevented them from coming up with witnesses to rebut the evidence and that sort of thing. I think as Judge Wynn indicated, to go from zero to 300,000 indicates some prejudice. On the other hand, I assume your argument would be under plain error review. We never get that far down in the list. That's right. That's right. Uh, we don't believe there's an error. And if there were an error, it would be far from clear based on, uh, the language of the judgment, uh, Dolan and, um, 36-64-0 as well. Um, I'd like to touch briefly on, um, the sentencing issues in this case. Uh, we do not believe that the court relied on clearly erroneous facts when it, uh, upwardly varied to 120 months. Uh, the court mentioned issues related to childbearing. Uh, there was evidence in the record that MC and her fiancé were working to have a baby. I think your argument on sentencing issues is well presented in briefs because it's real different. That's fine. If, if your honor, we, we are happy to rest on, um, our briefs if your honors have no further questions. I don't think we have any further questions on that part. Anything else you want to tell us? I, I think that, uh, covers our, uh, our arguments on the restitution issue. So we would ask that, um, this court affirm the district court's judgment. Thank you. All right. Ms. Baldwin, you've got some rebuttal time. Thank you, your honors. So a couple of points. First, the government is violating the cross appeal rule and asking this court to consider challenges to a judgment they failed to file a notice of appeal on in contravention of a mandatory claims processing. The mandatory claims processing rule I referred to is not 3664 D5. It's the requirement to file a notice of appeal if they disagreed with the $0 restitution order. And here they say, well, the $0 restitution order, you guys, excuse me, the court can ignore because it's invalid. The mandatory, the MVRA requires a defendant to return, say, medical costs. And that didn't happen here. Well, that is no different than what happened in green law when Congress said you have to impose a 25 year mandatory minimum consecutive sentence. You don't get to say, uh, I'd rather it be 10 years. The government had an obligation to appeal that they did it. In fact, the government admitted had the district court entered an amended judgment, entering $0, they would have had an obligation to file a notice of appeal. But that is exactly what the district court did in the original judgment with its self-executing restitution order. And then there's nothing said about restitution. And then subsequently the court then seeks to modify it. Restitution. There's no $0, there's no mention of it. You just enter the order, final judgment on the case. And then the court says, no, I want to modify this to include restitution. Can a court do that? Within the 90 days. So I believe it could, especially if restitution was mentioned at sentencing. I'm a little unsure if restitution just didn't appear in the PSR sentencing or the judgment. And then two months later, the court's like, actually, I think I can impose restitution. But if the district court, you know, restitution was mentioned at sentencing, there's nothing in the judgments, um, one way or the other. I think then there would at least be a very strong argument that Dolan authorized the district court to enter at the order. I know the victims back there. It's the best. Those are the ones that are entitled if a judge fails to, let's say just fails to do, to do anything. Do they have some means, even if it goes beyond 90 days says, wait a minute, court, you should have restitution for me on this. Do they have something or does that have to proceed to a civil action? No, I mean, absolutely. Your honor, in the sense that absolutely the victim does have a right. I have a responsibility to litigate that their rights under the MVRA. And even if the government fails that the victims also are entitled to seek a writ of mandamus, um, which has been done in other cases, you have victims who obsessively untitled to $300,000. And I mean, what happens if the government just didn't do his job on the prosecution side, put it in, can they intervene? How do they say, wait a minute, you didn't consider that I'm entitled to restitution under this act, which requires you to do it. How do they enforce that beyond 90 days or can they? So I, there is, um, there is a provision in the code. I don't believe I have the site for me. I can give it to you in a 28 J letter, but Congress gave them certain rights. And one of the rights was actually, I'm just saying what I'm getting at is what if you are right, you get a zero, but don't they still have an entitlement to $300,000. How do they come down and says, wait a minute, something's wrong here. The judge did this prosecutor didn't do their job, but the access I'm entitled to. How do you then force the court? Is that a mandamus to come up to us and to go back and say, go back and comply with the act and give these people restitution? Well, I think the mandamus exists for someone who's, uh, I guess brought in as a party, but the act, could they then seek a mandamus to us to say, to instruct the government to go back and determine the amount of restitution. I believe they could, if they followed whatever, you know, procedural or pellet rules. So even if you win, they could still do that today. I'm not sure they and the access they're entitled to it. Why couldn't they go back that court and says, look here, you, somebody messed up here and you got a zero, but you know, I'm entitled to stuff. How do I get it? Well, so, you know, there are other provisions in the United States code apart from the MVRA, which provide for restitution. So for example, 18 USC 3663 authorizes restitution and, and, you know, it's, it's, so this, the victim was horribly injured and we understand that she was in the hospital, but also, you know, Mr. Curry is now subject to a $300,000 restitution order, which he could actually go back to prison for another decade for not paying. And he never even had an opportunity to object to it because the government didn't comply with filing a notice of appeal, a very basic requirement. I just want to make sure I understand that. You're saying Mr. Curry is now, may have paid his $300,000 because he didn't have an opportunity to object. So you're just asking us to send it back, given an opportunity to object and present evidence? That was my alternative. But I think, again, there is no statutory authority to modify the zero dollar restitution order. And so our position is necessarily that that is foreclosed. There's statutory authority for these people to get money. And somebody along the way, under your interpretation, dropped the ball, so they're entitled to it. You say your problem is he didn't get a chance to object. Why not just send it back and say, judge, give him a chance to object and present whatever he wants to present on it and then enter an order as you see appropriate. Because I just, I'm not even sure the court has jurisdiction to do that because our whole, argument rests on the fact that zero dollars is a final judgment that was entered and that wasn't appealed. So this court can reinstate that, can vacate the amended judgment and reinstate it. But we don't think there is any basis to undo that final judgment rule and basically issue restitution anew. A restitution determination was made to the extent that there is a mechanism still available to provide these victims with restitution that's on the government to present in an orderly fashion that we can respond to. That's it. Thank you very much. Thank you for your time. We will ask the clerk to adjourn court sine die and we'll come down and re-counsel. This honorable court stands adjourned sine die. God save the United States and this honorable court.
judges: G. Steven Agee, James Andrew Wynn, Henry E. Hudson